THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MOSES HAYNES, Appellant.— Appeal from a judgment of the Supreme Court, Kings County, rendered June 22, 1964, convicting defendant of robbery in the first degree, upon a jury verdict returned on October 18, 1954, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The findings of fact below are affirmed. On October 18, 1954, about 2½ months after the commission of the crime, the jury found defendant guilty. There was no indication during the trial that defendant, who was represented by assigned counsel, was incapable of understanding the charge, indictment or proceedings or of making his defense. On October 27, 1954, nine days after the one-day trial, the Trial Judge directed that defendant be sent to Kings County Hospital for mental examination, pursuant to section 658 of the Code of Criminal Procedure. Two psychiatrists, who examined defendant in that hospital on or about November 19, 1954, concluded that he was insane and incapable of understanding the charges against him, the proceedings against him and of making his defense. Thereafter defendant was committed to Matteawan State Hospital where he remained until February 17, 1964, when he was declared sane. When he appeared for sentence, a discussion was held with regard to a hearing as to his mental capacity. The Judge before whom the trial had taken place refused to disqualify himself. A hearing was held on June 22, 1964, during which the aforesaid psychiatrists testified that they could not say whether defendant was sane at the time of trial. Defendant's experienced trial counsel had no substantial recollection of the case. The court found that defendant was capable of understanding the nature of the charges and of making his defense and it imposed sentence on defendant. "Proof that a defendant was insane at a certain time has a bearing on whether he was insane at a prior time, at least if the times are not remote in relation to each other" (*People* v. *Hill,* 9 A D 2d 451, 454, affd. 8 N Y 2d 935), but there are difficulties in retrospectively determining an issue as to a defendant's sanity as of a substantial period of time

prior to the time of such determination (cf. *Dusky* v. *United States*, 362 U. S. 402). The mere fact that a defendant was committed to a mental institution shortly after he was convicted is some indication that he was legally insane at the time he pleaded guilty or was found guilty (cf. *People* v. *Moore*, 21 A D 2d 860). In our opinion, the Trial Judge should have disqualified himself (*People* v. *Jenkins*, 29 A D 2d 681; [decided Jan. 22, 1968;] *People* v. *Hines*, 28 A D 2d 909; *People* v. *Gould*, 29 A D 2d 668; [decided Jan. 15, 1968;] *People* v. *Rodriguez*, 14 A D 2d 917; *People* v. *Huarneck*, 22 A D 2d 651). Moreover, in view of the predispositions and predilections of the Trial Judge, defendant was denied a fair hearing (*People* v. *Hines, supra*). In our opinion, in view of the time intervals and other proof, a new trial should be ordered and not merely a new hearing as to defendant's sanity and ability to understand the charge and to make his defense (*Pate* v. *Robinson*, 383 U. S. 375; cf. *People* v. *Hudson*, 19 N Y 2d 137; *People* v. *Gonzalez*, 20 N Y 2d 289). Beldock, P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.