■ ROSANNA MERLINO, Respondent, v. JOHN MERLINO, Appellant.— In an action in which a judgment of the Supreme Court, Kings County, was entered September 24, 1973 after a nonjury trial, inter alia, granting plaintiff a divorce, defendant appeals from so much of the judgment as awarded plaintiff (1) a recovery of $18,900 as arrears of support under the parties' separation agreement, with interest, and (2) $1,000 as a counsel fee. Judgment modified, on the law and the facts, by striking therefrom the award to plaintiff of $18,900, with interest, under the separation agreement, and case remanded to the Special Term (1) for a hearing before a Justice other than the one who tried the case (a) on the question of the validity of the agreement and (b) if the agreement be found valid, on the further question whether plaintiff is entitled to recover thereon; and (2) for a determination thereof and making of an amended judgment in accordance therewith. As so modified, judgment affirmed insofar as appealed from, without costs. According to plaintiff, the separation agreement was drawn by a lawyer selected by her and defendant from "the directory in the building." Defendant testified that he was "called at [his] work and was told to go to this lawyer and sign this agreement." He said he went on his lunch hour and he "really didn't know what was going on." He had not consulted with an attorney before he signed the agreement. Even before defendant took the stand the trial court stated that he considered the agreement to be valid and that in the Family Court, which also had the agreement under consideration, invalidity of the agreement had not been established. The fact is that the Family Court considered neither the validity of the agreement nor defendant's claim in the present case that, even if the agreement were valid, plaintiff had breached it in such a substantial manner that she was not entitled to recover thereon. The trial court, in awarding judgment to plaintiff for the arrears which it found to be due under the agreement, was apparently under the impression that it was not thereby passing on the validity of the agreement, for, when objection was made, the following

colloquy took place: "MISS RUGGIERO [defendant's counsel]: If your Honor please, we have already discussed with you — and I thought you made a ruling on that — as to current support and visitation rights * * *. THE COURT: You have an agreement executed between the parties. MISS RUGGIERO: Which we claim is invalid due to improper execution. THE COURT: When they try to enforce that, then you have any remedies. MISS RUGGIERO: They are seeking it at this time. THE COURT: They want a money judgment." Under all the circumstances, the issue of the validity of the agreement and, if that be established, any possible defenses to its enforcement, should be determined at Special Term before a Justice other than the one who tried the case. Martuscello, Acting P. J., Shapiro, Christ, Benjamin and Munder, JJ., concur.