Jack Mackston, J.
Defendants are charged with the following violations of the Code of Ordinances of the City of Long Beach: (1) three separate violations (Dockets 1210/77, 1204/77, 1205/77) of section 13-63 (use of nonhabitable space for sleeping purposes); (2) three separate violations (Dockets 1209/77, 1207/77, 1206/77) of section 14-224(a) (failing to provide adequate facilities and services); and (3) a violation (Docket 1208/ 77) of section 13-71(a) (failing to properly install and maintain sewer lines and waste disposal system).
Defendants by omnibus motion now seek suppression, a bill of particulars, discovery, and for the court to disqualify itself.
The request must be denied. The motion is repetitive having been previously made and decided in connection with prior informations, thereafter superseded and dismissed at the instance of the People and replaced by the ones at bar, each of which recites essentially the same charges against these defendants, except that the former allege against defendants jointly in one count and the latter, individually in separate counts. This observation is confirmed by defendants’ attorney’s affirmation at page 3 wherein it is stated "The charges contained in the now pending informations are merely a restatement of charges contained in earlier informations.”
Thus the court is not dealing with new material concerning these defendants but rather a restatement of the same substance in superseding informations (CPL 100.50) each of which is a part of an original action commenced by the filing of the first accusatory instrument with this court (CPL 100.05).
Since the relief sought in the current motion is almost identical with that of the first (as conceded by defendants’ attorney at page 2 of his supporting affirmation) resting upon essentially the same contentions, the decision on the first motion is the law of the case and pertains. There is no cogent reason for believing that the filing of original and superseding informations, substantially identical and reflecting the same charge, should entitle defendants to make repetitive omnibus motions with respect to each. To rule otherwise would be contrary to the Practice Commentary to CPL article 255 which states: "This significant and necessary reform should present the vast bulk of the pretrial litigation of criminal cases before one judge, on one set of papers and at one time. The fundamental fairness to accuseds and to the people is as *455 self-evident as the advantages to the overall administration of justice in terms of efficiency, consistency, economy and speedier disposition.” (Bellacosa, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL art 255, 1976-1977 Pocket Part, p 175.)
Defendants’ request that the court disqualify itself in deciding the current omnibus motion because of its decision on the prior omnibus motion is pointless and the cases referred to are distinguishable. In those matters, a prior decision on the merits might have adversely influenced postdecisional consideration of matters not previously analyzed by the court, i.e.: the validity of a contract which the court had presumed valid when it rendered judgment thereon (Merlino v Merlino, 44 AD2d 559); or posttrial consideration of defendant’s possible insanity during the course of a criminal trial when that issue was not raised until after a jury rendered a verdict of guilty, and before sentencing (People v Haynes, 30 AD2d 705).
Here there is no posttrial issue, determination of which might be adversely influenced by a prior judgment on the merits.
Defendants may not, under CPL article 255, obtain omnibus relief with respect to a superseding information, where a prior omnibus motion addressed to the original accusatory instrument has been decided and where the charges set forth in each of the informations, the relief requested in each of the motions and the underlying contentions therefore are essentially the same.
Concerning defendants’ request that the court disqualify itself, I have considered all points advanced and have no doubt whatsoever that defendants will be afforded a fair and impartial trial.
The decision on the first omnibus motion dated February 18, 1977, as the same pertains to these defendants, shall apply to the current informations and the suppression hearing referred to therein shall take place on the eve of trial which is scheduled for June 22, 1977, at 11:00 a.m.